IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MAXIM HEALTHCARE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | CASE NO. 23-950 T |

# COMPLAINT

Maxim Healthcare Services, Inc., ("Maxim") by and through its attorneys brings this action against the United States of America and in support thereof alleges as follows:

1. This case concerns the Internal Revenue Service's ("IRS's") improper assessment and collection of interest relating to adjustments made to Maxim's Federal Insurance Contributions Act ("FICA") taxes and Federal income tax withholding ("FITW") for which the IRS should have afforded Maxim interest-free treatment under 26 U.S.C. § 6205(a)(1).

2. Specifically, by failing to apply 26 U.S.C. § 6205(a)(1), the United States of America, acting through the Commissioner of the IRS, erroneously assessed and collected approximately $32,350 in additional interest charges for Maxim's quarter ended March 31, 2017 ("Q1 2017").

3. Maxim seeks by this action a refund of the overpaid interest wrongly assessed and collected by the IRS.

## PARTIES

4.  The plaintiff, Maxim, is a Maryland corporation with its principal place of business located in Howard County at 7227 Lee DeForest Drive, Columbia, MD 21046. Maxim's Employer Identification Number is ▮▮▮▮0951.

5.  The defendant is the federal government, the United States of America.

## JURISDICTION

6.  The Court has jurisdiction over this tax refund suit under 28 U.S.C. §§ 1346(a)(1) and 1491(a).

7.  A taxpayer must comply with certain statutory prerequisites before it can properly invoke this Court's jurisdiction in a tax refund suit—namely, the taxpayer must file an administrative refund claim with the IRS and then file a refund suit no earlier than six months from the date of filing the administrative refund claim and no later than two years from the date the IRS mails a notice of disallowance with respect to the claim. 26 U.S.C. §§ 6532(a) and 7422. Maxim complied with those requirements before filing this complaint because Maxim filed a Form 843, Claim for Refund and Request for Abatement, on or around July 26, 2022 and waited more than six months before filing this complaint.

8.  Although this suit concerns interest on divisible taxes, before filing this complaint, Maxim fully paid its Q1 2017 FICA and FITW liabilities and interest thereon assessed with respect to all of the underlying workers who were at issue. *Flora v. United States,* 362 U.S. 145 (1960).

## STATEMENT OF FACTS

9.    On or before April 30, 2017, Maxim timely filed its Form 941, Employer's Quarterly Federal Tax Return, for Q1 2017 showing a total tax liability of $67,226,160.26.

10.    The IRS audited Maxim's Form 941 for Q1 2017 and proposed adjustments relating to worker classification. Maxim protested those adjustments to the IRS's Office of Independent Appeals ("IRS Appeals").

11.    Maxim and IRS Appeals eventually reached an agreement over the assessment of additional employment taxes, including FICA taxes and FITW, for Q1 2017. That resolution was reflected in a Form 2504-T, Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment (the "Form 2504-T"), which Maxim signed on November 24, 2021. Exhibit 1 (Form 2504-T) at 2.[1]

12.    The Form 2504-T adjusted Maxim's FICA taxes and FITW for Q1 2017 through Q4 2017 by $570,240 and adjusted the FICA tax and FITW for Q1 2018 through Q4 2018 by $586,712. *Id.*[2]

---

[1] The Form 2504-T also resolved FICA and FITW liabilities for the other three 2017 tax quarters and for all four 2018 tax quarters. Exhibit 1 (Form 2504-T) at 2. The IRS also assessed and collected improper interest for those seven quarters. Exhibits 2–8 (March 21, 2022 Notices CP220 for Q2 2017-Q4 2018). This complaint seeks only the refund associated with the overpayment for Q1 2017. Maxim is also entitled to refunds of overpaid interest for the tax periods ended June 30, 2017 ("Q2 2017"); September 30, 2017 ("Q3 2017"); December 31, 2017 ("Q4 2017"); March 31, 2018 ("Q1 2018"); June 30, 2018 ("Q2 2018"); September 30, 2018 ("Q3 2018"); and December 31, 2018 ("Q4 2018"). Rather than filing seven additional complaints covering those other periods, Maxim hopes to be able to reach agreement with defendant to apply the resolution in this case to those other periods without the need for seven additional tax refund suits.

[2] The Form 2504-T also adjusted Maxim's Federal Unemployment Tax Act ("FUTA") tax by $69,269 for 2017 and $54,409 for 2018. Exhibit 1 (Form 2504-T) at 2. Because FUTA adjustments are not eligible for interest-free treatment under 26 U.S.C. § 6205(a)(1), Maxim is not claiming an overpayment with respect to interest paid on FUTA tax.

13. The Form 2504-T provided that:

> The computations do not include interest. In certain circumstances, you may be entitled to an interest-free adjustment under Internal Revenue Code (IRC) section 6205 for Federal Insurance Contributions Act (FICA) tax and federal income tax withholding (FITW) paid by signing Form 2504-T prior to receiving a notice and demand for payment or a Notice of Employment Tax Determination under IRC section 7436. To receive completely interest-free treatment, you must full pay your FICA tax and FITW liability by the time you provide the signed Form 2504-T. If full payment is not received by this date, interest will start to accrue the next day. The interest-free adjustment is not applicable to Federal Unemployment Tax Act (FUTA) tax or any asserted penalties.

*Id.* at 1.

14. On March 21, 2022, the IRS sent Maxim a Notice CP220 for Q1 2017, reflecting a bill for $142,560 in increased tax pursuant to the Form 2504-T and for $32,580.77 in interest charges on the increased tax. Exhibit 9 (March 21, 2022 Notice CP220 for Q1 2017) at 1.

15. Of the $32,580.77 in interest charges, approximately $32,000 relates to the period before the Form 2504-T was signed.

16. On July 4, 2022, the IRS sent Maxim a Notice CP128 for Q1 2017, showing an account balance of $175,074.89[3] for Q1 2017 and assessing a $2,137.33 failure-to-pay penalty and $1,997.25 in new interest charges. Exhibit 10 (July 4, 2022 Notice CP128 for Q1 2017) at 1.

17. Of the $1,997.25 in new interest charges reflected in the July 4, 2022 Notice CP128, approximately $350 related to the $32,580.77 assessment of interest in the March 21, 2022 Notice CP220.

---

[3] The IRS credited $65.88 against the $175,140.77 balance from the March 21, 2022 Notice CP220 based on an overpayment made on April 30, 2022 for another tax quarter. Exhibit 10 (July 4, 2022 Notice CP128 for Q1 2017) at 2.

18. On or around July 25, 2022, in order to avoid accruing additional penalties and interest, Maxim paid the full $179,209.47 amount reflected in the Notice CP128. Exhibit 11 (July 25, 2022 Check for Q1 2017) at 1.

19. On or around July 26, 2022, Maxim filed a Form 843, Claim for Refund and Request for Abatement, to recover the erroneous interest charges paid for Q1 2017. Exhibit 12 (July 26, 2022 Q1 2017 Form 843) at 1.

20. In accordance with Treas. Reg. § 301.6402-2(b)(1), Maxim included a detailed explanation in support of the refund claim with its Form 843. Exhibit 12 (July 26, 2022 Q1 2017 Form 843) at 2–3. In that explanation, Maxim requested "that the IRS rectify its error by granting this refund claim and promptly refunding the erroneously assessed interest." Exhibit 12 (July 26, 2022 Q1 2017 Form 843) at 3. Maxim also requested "that the IRS refrain from erroneously assessing interest for [Q2 2017 through Q4 2018] prior to attempting to collect the tax." *Id.*

21. To date, the IRS has not disallowed the refund claimed in Maxim's Form 843.

**COUNT ONE**
**OVERPAYMENT OF INTEREST ON FICA TAX AND FITW**

22. Maxim incorporates by reference the allegations contained in the foregoing paragraphs.

23. Taxpayers are entitled to interest-free adjustments of FICA tax and FITW when correcting an individual's worker classification on an adjusted tax return. *See* 26 U.S.C. § 6205(a)(1) ("If less than the correct amount of tax imposed by section 3101, 3111, 3201, 3221, or 3402 is paid with respect to any payment of wages or compensation, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made, without interest, in such manner and at such times as the Secretary may by regulations prescribe."); *see also* 26 C.F.R.

§ 31.6205-1(a)(1) ("An employer who has underreported and underpaid employee Federal Insurance Contributions Act (FICA) tax under section 3101 or employer FICA tax under section 3111, employee Railroad Retirement Tax Act (RRTA) tax under section 3201 or employer RRTA tax under section 3221, or income tax required under section 3402 to be withheld, with respect to any payment of wages or compensation, shall correct such error as provided in this section. Such correction may constitute an interest-free adjustment as provided in paragraph (b) or (c) of this section.").

24. A relevant regulation, 26 C.F.R. § 31.6205-1(b)(3), provides that, for underreported or underpaid FICA tax due to the failure to treat an individual as an employee:

> If an employer fails to file a return for a return period solely because the employer failed to treat any individuals properly as employees for the return period (and, therefore, failed to withhold and pay any employer or employee FICA or RRTA tax with respect to wages or compensation paid to the employees) and if the employer ascertains the error after the due date of the return, the employer shall correct the error through an interest-free adjustment as provided in this section. The employer shall report the amount due by filing an original return required to be filed to report the tax for the return period for which the employer failed to file a return, accompanied by an adjusted return as provided in the instructions to the adjusted return. . . . If an adjustment is reported pursuant to this section, but the amount of the adjustment is not paid when due, interest accrues from that date (see section 6601).

25. Another relevant regulation, 26 C.F.R. § 31.6205-1(c)(3), provides that, for underreported or underpaid FITW due to the failure to treat an individual as an employee:

> If an employer fails to file a return for a return period solely because the employer failed to treat any individuals properly as employees for the return period (and, therefore, failed to withhold and pay any income tax required to be withheld from wages), the employer shall correct the error through an interest-free adjustment as provided in this section. The employer shall report the amount due by filing an original return for the return period for which the employer failed to file a return, accompanied by an adjusted return as provided in the instructions to the adjusted return. . . . If an adjustment is reported pursuant to this section, but the amount of the adjustment is not paid when due, interest accrues from that date (see section 6601).

26.     Forms 2504 constitute adjusted returns for purposes of 26 U.S.C. § 6205. *See* 26 C.F.R. § 31.6205-1(a)(7) ("Subject to the exceptions specified in paragraphs (a)(2) and (a)(6) of this section, Form[s] 2504, 'Agreement and Collection of Additional Tax and Acceptance of Overassessment (Excise or Employment Tax),' . . . constitute adjusted returns for purposes of this section."); *see also* Internal Revenue Manual 8.7.16.13(4) (Aug. 26, 2020) ("If an agreement is reached in Appeals, the taxpayer (if eligible) receives complete interest-free treatment for the FICA and federal income tax withholding liability when full paid by the time Appeals receives the signed Form 2504 type agreement. If Appeals receives a signed Form 2504-type agreement and the taxpayer doesn't pay, *interest starts the day after the date the agreement is received*.") (Emphasis added.).

27.     In accordance with the regulations, interest should not have begun accruing on the adjusted FICA tax and FITW amounts reflected in the Form 2504-T until November 25, 2021—one day after Maxim signed the Form 2504-T.

28.     Approximately $32,000 of the interest reflected in the March 21, 2022 Notice CP220 was assessed and collected in error because that interest relates to the interest-free period between when Maxim filed the Q1 2017 Form 941 and when Maxim signed the Form 2504-T.

29.     The approximately $350 of additional interest relating to that erroneous assessment reflected in the July 4, 2022 Notice CP128 was erroneously assessed and collected for the same reason.

30.     A taxpayer may file a civil action for the recovery of any internal revenue tax erroneously or illegally assessed or collected, or any penalty collected without authority, after a claim for refund has been duly filed with the Secretary. 26 U.S.C. § 7422(a).

7

31. References to "tax" in the Internal Revenue Code are deemed to include related interest. *See* 26 U.S.C. § 6601(e)(1) ("[A]ny tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.").

32. A civil action to recover tax may be filed between six months after the filing of the refund claim with the IRS, and two years from the date of mailing to the taxpayer the disallowance of the part of the claim to which the suit or proceeding relates. 26 U.S.C. § 6532(a)(1).

33. For "[i]nterest [] assessed as a result of IRS errors or delays," a claim for refund can be made on Form 843, Claim for Refund and Request for Abatement. Exhibit 12 (July 26, 2022 Q1 2017 Form 843) at 1.

34. Maxim filed a Form 843 for Q1 2017 on or around July 26, 2022. *Id*.

35. The IRS has not disallowed Maxim's request for a refund of the Q1 2017 overpayment.

36. This Court has granted a refund in a suit to recover the overpayment of interest eligible for interest-free treatment under 26 U.S.C. § 6205(a)(1). In *Atchison, Topeka and Santa Fe Ry. Co. v. U.S.*, 61 Fed. Cl. 84 (Fed. Cl. 2004), this Court held that the taxpayer was entitled to a refund of the interest paid on deficiencies in Railroad Retirement Tax Act (RRTA) employment taxes agreed to on a Form 2504 because "the taxpayer may dispute an IRS interpretation, interest free, up until the IRS challenge is objectively clear and targeted at the particular taxpayer—namely, up until the time at which the IRS has issued a notice and demand letter, the parties have reached a settlement agreement, or when the taxpayer has exhausted all appeal rights within the IRS." *Id.* at 90.

37. Through this action, Maxim seeks to recover the approximately $32,350 in erroneous interest charges assessed during the interest-free period for Q1 2017 that Maxim paid on or around July 25, 2022.

**PRAYER FOR RELIEF**

WHEREFORE, Maxim respectfully requests that the Court:

a. Award Maxim a judgment in the amount of $32,350 or such other amount as the Court determines to be refundable plus statutory interest on that amount as provided by law; and

b. Award Maxim any other relief the Court deems appropriate.

Dated:  June 23, 2023

                                Saul Mezei

                                By:     */s/ Saul Mezei*

Saul Mezei
Attorney of Record for Plaintiff
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306
202.955.8693
smezei@gibsondunn.com

John F. Craig, III
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.,
Washington, DC 20036-5306
202.955.8230
JCraig@gibsondunn.com